CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 29, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TIMOTHY LEE COLES,** | )<br>) |
| Plaintiff, | )<br>) Case No. 7:24CV00080 |
| v. | )<br>) **OPINION AND ORDER**<br>) |
| **G. DALTON, ET AL.,** | ) JUDGE JAMES P. JONES<br>) |
| Defendants. | )<br>) |

*Timothy Lee Coles, Pro Se Plaintiff; D. Patricia Wallace,* OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, *Richmond, Virginia, for Defendants Dalton, Bellamy, Hite, Lewis, Manis, and Tucker; and Joseph A. Piasta,* JOHNSON, AYERS & MATTHEWS, P.L.C., *Roanoke, Virginia, for Defendant Scarce.*

The plaintiff, Timothy Lee Coles, an unrepresented Virginia inmate, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant officials violated his right to access the court, related to a forfeiture of his truck. After review of the record, I will grant the defendants' Motions to Dismiss.

## I. BACKGROUND.

Coles sues six employees of the Virginia Department of Corrections (VDOC) defendants: G. Dalton, law library staff at Bland Correctional Center (Bland); K. Lewis, the institutional operation manager at Bland; C. Manis, VDOC's Western Regional Administrator; J. Bellamy, law library staff at Halifax Correctional Unit #23 (Halifax); D. Hite, major/assistant superintendent of Halifax; and A. Tucker,

VDOC's Central Regional Administrator. Coles also sues Mark W. Scarce, the Clerk of the Pittsylvania County Circuit Court.

Coles was convicted in the Pittsylvania County Circuit Court on drug and firearm charges, and on September 20, 2021, he was sentenced to a twenty-year prison term.[1] From March 2, 2022, through January 31, 2023, Coles was confined at Bland. While there, he requested access to the law library and legal materials for use in preparing to litigate the Commonwealth's forfeiture proceedings against Coles' 2003 Ford F-150 truck, which allegedly has sentimental value to Coles. As law library supervisor, Defendant Dalton allegedly did not respond to Coles' requests or provide him the materials he sought.

On June 7, 2022, the Pittsylvania County Circuit Court conducted the forfeiture proceedings. Thereafter,

> the circuit court found by clear and convincing evidence "that the 2003 Ford F-150 truck" identified in the information "was used in substantial connection" with Coles' possession with the intent to distribute cocaine on May 27, 2019, and that no one else had asserted a claim of interest in the truck. The circuit court ordered the truck forfeited to the Commonwealth.

---

[1] This summary of facts is taken from the Second Amended Complaint, incorporated exhibits from the initial Complaint, and public records available online.

*Coles v. Commonwealth,* No. 0998-22-3, 2023 WL 3587475, at *1 (Va. Ct. App. May 23, 2023) (quoting circuit court forfeiture order).[2]

On June 30, 2022, while still confined at Bland, Coles filed a notice of appeal from the circuit court's decision. He wrote to Defendant Scarce, asking him as Clerk of the circuit court, to provide Coles with a free transcription of the forfeiture trial proceedings or written statements in lieu of transcripts, as required by state law for the appeal record. On July 5, 2022, Scarce denied Coles' request. On August 28, 2022, Coles filed his appeal petition with the Court of Appeals of Virginia to challenge the forfeiture order. He did not submit a transcript or a written statement of the court proceedings below and was not assisted by counsel. He also contends that he did not have adequate time at Bland to research the Rules of the Supreme Court of Virginia. The Court of Appeals of Virginia denied Coles' motion for appointment of counsel.

While at Bland, Coles filed complaints and grievances about his inability to access legal materials. Defendant Lewis reviewed Coles' grievances at the facility

---

[2] Coles attached the May 23, 2023, Court of Appeals decision as an exhibit to his initial complaint, Dkt. No. 1-1, and the decision is a matter of public record. Without converting the Motions to Dismiss into ones for summary judgment, a court "may properly take judicial notice of matters of public record." *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). A court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Id.*

and deemed them unfounded. Defendant Manis as Western Regional Administrator, upheld Lewis' decision.

Coles' assignments of error on appeal contended that the circuit court erred by:

> admitting an out-of-court statement in violation of the Sixth Amendment to the United States Constitution: giving favorable weight and credibility to an out-of-court statement that was not made under oath and was not properly authenticated by a preponderance of evidence; and finding that Commonwealth had proved its case by clear and convincing evidence.

*Coles*, 2023 WL 3587475, at *2. Without a transcript or a written statement of facts of the forfeiture proceedings, the Court of Appeals could not "discern what arguments and objections Coles made (or failed to make) at the forfeiture hearing," did not have access to "the foundational basis that informed the circuit court's decisions in determining the admissibility of any challenged evidence," and could not assess the circuit court's weighing of the evidence. *Id.* Because Coles "failed to present [the appellate court] with an adequate record with which to review the errors he present[ed] on appeal," he "waived those arguments." *Id.* The court of appeals affirmed the forfeiture decision of the circuit court on May 23, 2023. Coles attributes the court of appeals' decision to Scarce's refusal to provide him a free transcript or written summary of the forfeiture proceedings.

On May 30, 2023, while confined at Baskerville Correctional Center (Baskerville), Coles filed a petition for rehearing. On June 8, 2023, Coles was

transferred to Halifax, where he asked to use the facility law library and legal materials. On June 19, 2023, Coles received the court of appeals order denying his motion for a rehearing.

On June 20, 2023, Coles petitioned the Supreme Court of Virginia, challenging the court of appeals decision. On August 30, 2023, Coles met with the institutional attorney assigned to Halifax and asked for legal materials. On October 27, 2023, the Supreme Court of Virginia issued an Order stating: "Upon review of the record in this case and consideration of the argument submitted in support of the granting of an appeal, the Court is of the opinion there is no reversible error in the judgment complained of. Accordingly, the Court refuses the petition for appeal." Compl. Ex., 11, Dkt. No. 1-1.[3] Coles claims that the Supreme Court refused his petition because it "did not raise the assignment of errors that [he] presented" to the court of appeals. Second Am. Compl. 9, Dkt. No. 27. Coles contends that he was not able to meet the "technical prerequisites" of the Supreme Court of Virginia because Halifax provided him with Supreme Court of Virginia Rules dated 1997 and 1998. *Id.*

While confined at Halifax, Coles filed complaints and grievances about his inability to access legal materials. He was advised to ask the institutional attorney

---

[3] Citations to pages in the record refer to the page numbers automatically assigned by the Court's electronic filing system.

for assistance, and he tried to do so, but could not get an appointment until August 30, 2023. Despite reviewing Coles' complaints, Major/Assistant Superintendent Hite at Halifax and Tucker, as Central Regional Administrator, did not take prompt action to ensure Coles was granted the ability to do legal research as he requested. On November 30, 2023, Coles was allowed to use a computer to access updated legal research materials. Coles claims he then discovered that it was too late to file a petition for a writ of certiorari to the Supreme Court of the United States "(15) days after the date of the order of the (Sup. Ct. of Va.--10-27-23)."[4] *Id.* at 10.

On December 29, 2023, Coles initiated this § 1983 action. Liberally construed, Coles' Complaint alleges the following § 1983 claims that various defendants violated his right to access the courts:

1. At Bland, Dalton deprived Coles of access to the law library and legal materials related to litigation of the forfeiture proceedings.

2. In response to Coles' grievances at Bland, Lewis and Manis failed to ensure that Coles obtained access to the law library and legal materials.

3. Scarce refused to provide Coles a free transcript or a written statement of the forfeiture proceedings in the circuit court.

4. At Halifax, Bellamy and Hite provided Coles outdated legal resources that prevented him from properly preparing his appeal to the Supreme Court of Virginia and from filing a timely certiorari petition to the United States Supreme Court.

---

[4] In fact, the Rules of the Supreme Court of the United States provides that a litigant must file a petition for a writ of certiorari within *ninety* days after entry of final judgment by highest state court.

> 5. In response to Coles' grievances at Halifax, Hite and Tucker failed to promptly provide him access to legal materials there.

As relief in this case, Coles seeks compensatory and punitive damages. The defendants have filed Motions to Dismiss, and Coles has responded, making the matter ripe for disposition.

II. Discussion.

A.

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's pleading. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss, all well-pleaded factual allegations contained in a complaint are to be taken as true and viewed in the light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and it must allege facts specific enough to raise a right to relief above the speculative level.[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court is required to liberally construe complaints filed by plaintiffs proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[5] I have omitted citations, internal quotation marks, and/or alterations throughout this Opinion, unless otherwise noted.

B.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). While convicted inmates have a constitutional right of access to the courts, that right does not include an unqualified right to a free transcript of state court proceedings. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). An indigent litigant pursuing a collateral attack on a criminal proceeding "is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963)."[6]

On the other hand, in the context of civil litigation, "there is no right of *subsidized* access." *Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003) (citing *United States v. Kras*, 409 U.S. 434 (1973) (holding litigant has no federal statutory or common law right to proceed in bankruptcy without payment of filing fee). More directly, there is no "fundamental right to have one's adversary, or the public treasury, defray all or part of the cost of litigation." *Id.* Under Virginia law, forfeiture is "not a criminal proceeding, but a civil action against res unlawfully

---

[6] Only when an indigent states proper claims in a collateral attack of a conviction and shows that a transcript is indispensable to resolution of those claims do "equal protection and due process require the state to furnish [him] such transcript without charge." *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152 (4th Cir.), *adhered to on reh'g*, 465 F.2d 1091 (4th Cir. 1972).

employed by its owner." *Jenkins v. Commonwealth*, 411 S.E.2d 841, 842 (Va. Ct. App. 1991). "Although related to criminal activity, forfeiture is neither penalty nor punishment for an offense and remains entirely separate and distinct from a prosecution of its owner." *Id.* Thus, I cannot find that Coles had any federally protected right to obtain a free transcription of state court forfeiture proceedings or the written statement of facts that Virginia law also permits for litigants to use on appeal of a civil action.

Coles also had no state law right to a transcript at public expense. Under Virginia law, the appellant is obligated to ensure that the circuit court record is sufficient to enable the court of appeals to evaluate and resolve the assignments of error stated in the appeal.

> A transcript of any proceeding or a written statement of facts in lieu of transcript becomes part of the record if filed in the trial court clerk's office within sixty days after entry of final judgment. Rule 5A:8(a) and (c). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

*Coles*, 2023 WL 3587475, at *2. Thus, the burden is on the appellant to ensure that a transcript or a written statement of facts is prepared and timely filed with the circuit court if necessary for the appellate court's review of the claims on appeal. Nothing in the state court rules or in Va. Code Ann. § 17.1-200, et seq., places an obligation

on the circuit court clerk to create or provide litigants with free transcripts or written statements in lieu of transcripts for the parties' use on appeal.

Based on the foregoing, I conclude that defendant Scarce's failure to provide Coles a free transcript or written statement of the forfeiture proceeding did not violate the inmate's federal or constitutional rights. Accordingly, I will grant Scarce's Motion to Dismiss on the claim that he violated any protected right to a transcript.[7]

### C.

The essence of Coles' remaining claims is that the defendants' actions or inactions interfered with his constitutional right to access the courts. He contends that the VDOC defendants failed to ensure him sufficient access to a law library and up-to-date legal materials to assist him in defending his case during the forfeiture proceedings and in preparing his appeals. He also argues that he lost those appeals because defendant Scarce failed to provide him a free transcript or written statement. I conclude that Coles' access to courts claims lack merit.

---

[7] Because no decision by the United States Supreme Court, the United States Court of Appeals for the Fourth Circuit, or the Supreme Court of Virginia has held that an indigent civil litigant has an unqualified right to a free transcript of court proceedings, it is not clearly established that Coles had a right to a transcript of the forfeiture proceeding. Therefore, Scarce is entitled to qualified immunity against Coles' claims for monetary damages as to that claim. *Bowling v. Clarke*, No. 7:19CV00453, 2021 WL 440794, at *3 (W.D. Va. Feb. 8, 2021) ("The doctrine of qualified immunity shields government officials from civil damages liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled in part by Casey*, 518 U.S. 343.

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Casey*, 518 U.S. at 355. Rather, prisoner legal assistance programs are constitutionally sufficient if they provide inmates the "*capability* of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356 (emphasis added). An inmate plaintiff must show that specific deficiencies in library use or materials available to him resulted in particularized harm to his litigation of a nonfrivolous claim or claims. *Id.* at 351–53.

Coles' access claims pertain to the civil forfeiture action against his 2003 Ford F150 truck and appeals of the circuit court's forfeiture order. As discussed, civil forfeiture is not a punishment for a criminal offense, but is a civil action entirely separate from the criminal prosecution against its owner. Thus, Coles' underlying legal action was not a challenge to his criminal conviction or sentence, or to the

conditions of his confinement. As such, Coles' civil litigation efforts regarding forfeiture of his truck did not fall within the constitutional right of access to prison legal research assistance as defined in *Bounds* and *Casey*. Therefore, he has no viable access claim based on the defendants' failure to grant him the desired research materials or to provide him a free transcript.

Coles' access claims also fail for two other reasons. To state a viable claim for damages for denial of access to the courts, the complaint must present: (1) the plaintiff's underlying nonfrivolous and arguable legal claim; (2) the remedy sought through that underlying claim; and (3) the loss of the underlying claim as a result of the defendants' interference with his right of access. *Christopher v. Harbury*, 536 U.S. 403, 415–16 (2002). "The complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id.* at 417–18 (footnote omitted). Coles' Second Amended Complaint fails to describe what legal challenge or challenges he planned, but allegedly could not bring, during the forfeiture proceedings or in his appeals of the circuit court's forfeiture decision. Thus, his access claims fail on the first part of the analysis.

The court of appeals' decision affirming the forfeiture order, attached to Coles' initial Complaint, does include a statement of the arguments he managed to

present on appeal. Compl. Ex., 6–9, Dkt. No. 1-1. He argued that the evidence was insufficient to support the Commonwealth's forfeiture action and that the circuit court erred by admitting and giving weight to hearsay statements of a witness who did not testify. Cole's operative pleading, Dkt. No. 27, however, does not identify any theory or supporting facts that he was unable to include in his appeal brief because of the defendants' failure to provide legal research assistance that he wanted.[8]

Most importantly, it is undisputed that the court of appeals never reached the merits of Coles' arguments challenging the forfeiture order. Rather, the court of appeals found that a transcript or a written statement of facts was "indispensable to [its] review of Coles' arguments on appeal." Compl. Ex., 9, Dkt. No. 1-1. Because Coles failed to purchase a transcript or written statement of the forfeiture proceeding and file it with the circuit court to make it part of the record on appeal, the court of appeals found that Coles had waived the arguments he raised. *Id.* Thus, the incompleteness of the record, and not any of the defendants' alleged actions or inactions regarding legal materials, caused Coles' loss of his appellate claims against the forfeiture decision. Coles presents no basis on which the Supreme Court of

---

[8] Moreover, the Commonwealth's forfeiture arguments relied on the evidence used at the criminal trial in which Coles was convicted, and the court of appeals affirmed his convictions in February 2024. Mem. Supp. Mot. Dismiss Ex. 1, Dkt. No. 44-1.

Virginia or the United States Supreme Court would have reached a different outcome on any of Coles' challenges to the forfeiture decision.

For the stated reasons, I conclude that Coles has failed to present facts supporting any viable claim that the defendants' actions impaired his right to access the courts. Therefore, I will grant the defendants' motions to dismiss as to his access claims.

### III. CONCLUSION.

For the stated reasons, it is **ORDERED** that the Motions to Dismiss, Dkt. Nos. 43 and 49, are GRANTED.

A separate Judgment will enter herewith.

ENTER: September 29, 2025

/s/ JAMES P. JONES
Senior United States District Judge